IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JARMAL JOHNSON, | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. RDB-14-2487 |
| WARDEN FRANK BISHOP, et al., | * |
| Respondent. | * |
| | ****** |

## MEMORANDUM OPINION

On August 6, 2014, Petitioner Jarmal Johnson filed the instant 28 U.S.C. § 2254 habeas

corpus petition attacking his conviction and sentence for use of handgun in the commission of a

crime of violence entered in the Circuit Court for Baltimore City.[1] ECF 1.[2] Respondents filed

an Answer which solely addresses the timeliness the petition. ECF 10 & 11. Petitioner was

advised of his opportunity to file a reply. ECF 12. This he has done. ECF 13. The Court finds no

need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the*

*United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.

3d 438, 455 (4th Cir. 2000) (Petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

For the reasons to follow, the Petition will be denied and dismissed with prejudice.

---

[1] The Petition, received on August 6, 2014, is dated July 30, 2014, and is deemed filed on that date. The "mail box rule" applies to prisoner § 2254 motions. *Houston v. Lack*, 487 U.S. 266 (1988). An inmate's petition is timely if deposited in the prison's internal mailing system on or before the last day for filing. Rule 3 (d) *Rules Governing Section 2254 Proceedings*.

[2] Citation is to the Court's electronic docket.

**Procedural History**

After a jury trial in the Circuit Court for Baltimore City, Petitioner was convicted on September 22, 1992, under separate indictments. In indictment number 192099061, Petitioner was convicted of assault with intent to murder, assault, use of a handgun in the commission of a crime of violence, and wearing, carrying or transporting a handgun. ECF 11-1; *see also Johnson v. State*, 47 A.3d 1002, 1006 (Md. 2012). In indictment number 192099071, Petitioner was convicted of two counts of possession with intent to distribute heroin and cocaine, use of a hand gun in a drug trafficking offense, and two counts of conspiracy.[3] ECF 11-2.

Petitioner was sentenced on October 28, 1992, as to all indictments. On indictment 192099061 he was sentenced to 30 years for assault with intent to murder and a 20 year, consecutive term for use of a handgun, the first five years to be served without parole. ECF 11-4, p. 37. Petitioner's convictions for assault and wearing/carrying/transporting a handgun merged. *Id.*, pp. 37-38.

As to indictment number 192099071, Petitioner was sentenced to a 20 year term of confinement for wearing or carrying a handgun in relation to a drug trafficking offense, to be served concurrent to the sentence for use of handgun in a crime of violence issued under indictment number 192099061. *Id.*, p. 38. He was also sentenced to a 20 year term of confinement for possession of heroin with intent to distribute, to be served consecutive to the handgun sentence issued under indictment number 192099061. *Id.* Petitioner received a 20 year term of imprisonment for possession of cocaine with intent to distribute, to be served consecutive

---

[3] Petitioner was also convicted of second-degree murder and use of a handgun in a crime of violence under indictment number 192092011 (ECF 11-4, 39-40); however, those convictions are not before the Court. As to indictment number 192092011, Petitioner was sentenced to 30 years for the second-degree murder conviction, to be served consecutive to all other sentences already imposed. He also received a 20 year term of imprisonment for the handgun conviction, to be served consecutive to the second-degree murder convictions. *Id.*

to the sentence for possession of heroin with intent to distribute. He also received a 20 year term of imprisonment for conspiracy, to be served consecutive to the possession of cocaine with intent to distribute sentence. *Id.*, p. 39.

Petitioner filed an appeal in indictment numbers 192099061 and 192099071. The appeal was denied by the Court of Special Appeals. ECF 11-1, p. 5, ECF-2, p. 6. The Court's mandate issued on August 27, 1993. *Id.* Petitioner did not file a Petition for Writ of Certiorari to the Court of Appeals.

On October 28, 1996, Petitioner submitted a collateral attack on his conviction entered in indictment number 192099061 pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq.* ECF 11-1, p. 5. The Petition was supplemented on June 18, 1997, to include claims as to both indictment number 192099061 and indictment number 192099071. *Id.*, p. 6; ECF 11-2, p. 6. Petitioner withdrew the petition without prejudice on August 17, 1998. ECF 11-1, p. 6.

Petitioner refiled a Petition for Post-Conviction relief on December 22, 1998. *Id.*, p. 6; ECF 11-2, p. 7. A hearing was held on June 28, 1999. The Petition was denied on July 8, 1999. ECF 11-1, p. 7; ECF 11-2, p. 7. Petitioner's application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals of Maryland on March 30, 2000. The Court's mandate issued on May 2, 2000. ECF 11-13, p. 3.

At this juncture, Petitioner had completed the necessary prerequisites for seeking federal habeas review of his conviction and sentences. Rather than instituting federal habeas review, however, Petitioner waited until January of 2008, when he filed a Motion to Correct Illegal Sentence in state court, arguing that the sentence for assault with intent to murder was illegal as indictment 192099061 did not charge that offense. *Johnson v. State*, 47 A.3d 1002, 1007 (Md.

3

2011). The motion was denied and the Court of Special Appeals affirmed the conviction, finding that Petitioner's claim could not be raised after the time for direct appeal. *Id.* The Petition for Writ of Certiorari was granted by the Maryland Court of Appeals, which ultimately held that Petitioner's 30 year conviction and sentence for assault with intent to murder was illegal as the offense was not charged in indictment number 192099061. *Id.* at 1014-16. The Court of Appeals reversed and remanded the case to the Circuit Court with instructions to vacate the conviction and sentence for assault with intent to murder. The Appellate Court held that Petitioner's other convictions stood and specifically denied Petitioner's request to vacate his sentence for use of a handgun. *Id.*, at 1015-16; *see also* ECF No. 11-1, p. 12.

On January 7, 2013, Petitioner, with counsel, appeared in the Circuit Court for Baltimore City. ECF 11-6. Petitioner's convictions for assault with intent to murder and assault were vacated. ECF 11-1, p. 14. The Circuit Court ordered a new commitment order be issued reflecting that the assault with intent to murder conviction was vacated. The convictions for use of a handgun in the commission of a crime of violence and for wearing/carrying or transporting a handgun remained in effect. ECF 11-6 p. 11. The commencement date for the 20 year sentence on the use of a handgun conviction was amended to March 9, 1992, to reflect credit for time Petitioner served on the vacated conviction. *Id.*, pp. 9 & 12; ECF 11-1, p. 14.

On August 15, 2013, Petitioner filed an application for post-conviction relief in indictment numbers 192099061 and 192099071, alleging ineffective assistance of counsel at "his resentencing hearing" and arguing that his sentence was "illegal as no verdict was orally announced on the indictment numbers and counts in open court on the record in accordance with Md. Rule 4-327(a)." ECF 11-7, p. 3. Petitioner alleged that his counsel was ineffective because she ignored his request to file an application for leave to appeal and failed to notify him in a

4

timely manner that she was not going to file an application on his behalf.   Additionally, Petitioner alleged his attorney failed to file a motion for a new trial as he requested in accordance with Md. Rule 4-214(b).  *Id.*, p. 3.

On August 26, 2013, the petition for post-conviction relief was denied.  The Court found that the petition was a "subsequent" petition and not cognizable under Maryland law, which permits only one petition for each trial or sentence.  ECF 11-9.  Petitioner's application for leave to appeal was summarily denied by the Court of Special Appeals.  ECF 11-10, ECF 11-11, ECF 11-12.  The Court's mandate issued on June 18, 2014. ECF 11-11, p. 3.

In the Petition before this Court, Petitioner claims he was denied the right to effective assistance of counsel when his attorney failed to file a notice of appeal as instructed after the January 7, 2013 hearing. ECF 1, p. 7.

## Analysis

Title 28 U.S. C. § 2244(d)[4] provides a one-year statute of limitations in non-capital cases

---

[4]This section provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

for those convicted in a state case. Although the statute is silent as to how it should be applied to persons whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date, i.e., until April 24, 1997, to file a petition for writ of habeas corpus in federal court. *Hernandez v. Caldwell*, 225 F. 3d 435, 439 (4th Cir. 2000) (clarifying the filing deadline as April 24, 1997).

This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998).

### A.    Statutory Tolling

The statute of limitations began to run in Petitioner's case on April 25, 1996, after enactment of 28 U.S.C. § 2244(d). Over five months of the limitations period lapsed before the limitations period was statutorily tolled on October 18, 1996, when Petitioner initially filed for post-conviction relief. The period remained tolled until he withdrew the petition on August 17, 1998. An additional four months of the limitations period lapsed before Petitioner re-filed for post-conviction relief on December 22, 1998. The limitations period was statutorily tolled from December 22, 1998, until May 2, 2000, when the Court's mandate issued as to the denial of his application for leave to appeal the denial of post-conviction relief.

Assuming, without deciding, that Petitioner's Motion to Correct Illegal Sentence was a properly filed post-conviction petition which would serve to toll the limitations period, the motion was not filed by Petitioner until January of 2008, nearly 8 years after the conclusion of

---

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

his post-conviction proceedings.  Petitioner had no proceedings pending from May 2, 2000 to January of 2008 which would serve to toll the limitations period.  Thus, the Petition is time-barred.

To the extent Petitioner claims that the January 7, 2013 hearing constituted a "re-sentencing" and imposed a "new sentence" thus "restarting" the statute of limitations, he is mistaken.  Where an appellate court disposes of all counts in a judgment but remands for a ministerial purpose that could not result in a valid second appeal, finality for purposes of the limitations period is not delayed.  *See United States v. Dodson,* 291 F.3d 268, 275 (4th Cir. 2002).  The January 2013 hearing corrected Petitioner's commitment record to reflect that the conviction and sentence for assault with intent to murder was vacated and noted which new offense would commence the sentence.  Petitioner's remaining convictions were left unchanged. *See United States v. Wilson,* 256 F. 3d 217, 220 (4th Cir. 2001) (concluding that remand to vacate one count of conviction after affirming the remaining counts failed to toll the statute of limitations in a motion to vacate filed pursuant to § 2255).

The January 7, 2013 hearing was not a re-sentencing.  Rather, at the hearing the conviction and sentence for assault with intent to murder was vacated, per the direction of the Maryland appellate court, and Petitioner's commitment record corrected.  Petitioner concedes that at the January hearing he sought to argue in favor of a lesser sentence or a new trial but "was not allowed."  ECF 13, p. 2.  In Petitioner's case, the Circuit Court merely performed a ministerial act by vacating the conviction and sentence and correcting Petitioner's commitment record to establish that the 20 year sentence for use of a handgun became the first sentence from which all other sentences would run.  Other than correcting the start date, the Circuit Court did not modify Petitioner's 20 year sentence for use of a handgun.  The rejection of Petitioner's

7

efforts to file post-conviction proceedings after the January 2013 hearing further demonstrates that the January hearing did not entitle Petitioner to further review of his conviction and his sentence and his convictions were already final for purposes of computing the statute of limitations.

### B. Equitable Tolling

Petitioner also argues that he is entitled to equitable tolling of the limitations period. ECF 13. In *Holland v. Florida,* 560 U.S. 631 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id.* at 633. The Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* at 649. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson,* 209 F.3d 325, 329-30 (4th Cir. 2000).[5]

Petitioner offers no arguments in support of his bald claim for equitable tolling. Rather, he reiterates his claims that he was denied effective assistance of counsel during the January 2013 hearing. ECF 13. Gross negligence by an attorney cannot warrant tolling absent "bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citations omitted). Petitioner does not allege such conduct on the part of his attorney. Moreover, Petitioner does not argue that the alleged ineffectiveness of counsel prevented him from timely filing the instant Petition. The Court does not, therefore, find Petitioner's arguments for equitable tolling compelling. Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

---

[5] *See also Lusk v. Ballard,* 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris,* remains virtually unchanged after *Holland.*)

## C.   Certificate of Appealability

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant...If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.   Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.

SEPTEMBER 20, 2016
Date

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE